FLETCHER, B.,
specially concurring:
I concur in the majority’s holding that the district court did not abuse its discretion by denying Honeycutt’s motion for a new trial. I also concur in the majority’s holding that the district court did not abuse its discretion, under Federal Rules of Evidence 403 and 404, in denying Ho-neycutt’s motion in limine to exclude the recording of his interrogation. I write separately, however, to address an issue lurking in the background of this appeal, lest our disposition be read too broadly.
This case implicates an important question: What type of evidence may be fairly characterized as “demeanor evidence”? In the context of the Fifth Amendment’s prohibition against self-incrimination, the Supreme Court has distinguished “physical” or “demeanor” evidence, on the one hand, from “testimonial” evidence, on the *840 other. See Pennsylvania v. Muniz, 496 U.S. 582, 591-92, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (“We have since applied the distinction between ‘real or physical’ and ‘testimonial’ evidence in other contexts where the evidence could be produced only through some volitional act on the part of the suspect.”); id. at 592, 110 S.Ct. 2638 (discussing defendant’s compelled participation in a lineup or provision of a handwriting sample or voice exemplar as acceptable forms of “real or physical” evidence). “Demeanor evidence often involves the admission of evidence concerning a defendant’s slurred speech, apparent nervousness, or a defendant’s demeanor during a polygraph test, even though the results [of such a test] may not be admissible.” United States v. Velarde-Gomez, 269 F.3d 1023, 1030 (9th Cir.2001) (en banc) (citations and punctuation omitted).
At issue here is an audio recording of Honeycutt’s denials of wrongdoing. The concept of “demeanor evidence” has never been extended to such evidence, and our panel does not reach the issue today. We must be careful to cabin what constitutes true “demeanor evidence,” and not permit that label to be used to smuggle in otherwise inadmissible evidence. The admission of this type of recording in a criminal trial where the defendant chose not to take the stand — as is the case here — could raise significant Fifth Amendment problems were the defendant to raise the proper objection: that the recording is not true “demeanor evidence.”[1]
Defense counsel never argued that the admission of the audio recording was error because the recording cannot be properly classified as “demeanor evidence” — not even on appeal. Instead, defense counsel has contended only that the recording is inadmissible character evidence. The failure to raise the “demeanor evidence” issue deprived us of the arguments necessary to fully evaluate this problem. Accordingly, we do not reach the issue of the recording’s admissibility on that basis here.

. To be clear, this was not a case where the interrogating officers testified about the defendant’s demeanor during questioning. See, e.g., United States v. Hursh, 217 F.3d 761, 768 (9th Cir.2000). Instead, Honeycutt's recorded voice was played for the jury during his criminal trial, at which he had decided not to testify.